**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHER JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-812 SPM |
| | ) | |
| ARVIL CHAPMAN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus brought

pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations

period, and the Court will order petitioner to show cause why the petition should not be dismissed.

**Background**

On July 18, 2007, petitioner was found guilty by a jury of two counts of

distributing/delivering/manufacturing/producing or attempting to or possession with intent to

distribute/deliver/manufacture a controlled substance. *See State v. James,* No. 06F2-CR01371-01

(34th Judicial Circuit, Pemiscot County Court). On August 21, 2007, on Count I, petitioner was

sentenced to twenty years' imprisonment, and on Count II petitioner was sentenced to ten years'

imprisonment, with both terms to be served concurrently.

Petitioner filed a timely appeal, and he was allowed to remain on bond during the pendency

of appeal. However, plaintiff absconded during the pendency of his appeal. The mandate was

issued from the Missouri Court of Appeals on January 9, 2009.[1] The trial court noted that

---

[1]The Court is unsure of the exact date of the Missouri Court of Appeals decision, but it was prior to
the Missouri Court of Appeals Mandate.

petitioner was incarcerated in Mississippi County, Arkansas on January 19, 2010, and the bondsman was ordered discharged from the appeal bond on that date.

Petitioner filed his post-conviction motion to vacate his sentence, pursuant to Mo.Sup.Ct.R.24.035 on November 26, 2007. *See James v. State,* No. 07PE-CV00661 (34th Judicial Circuit, Pemiscot County Court). His appointed attorney filed a motion to "hold his premature filing open pending conclusion of the direct appeal" on December 31, 2007. The motion was granted by the trial court on January 11, 2008. On April 3, 2009, after the direct appeal was decided, appointed counsel filed an amended motion to vacate petitioner's sentence. On August 15, 2009, the Court dismissed petitioner's post-conviction action with prejudice due to movant's failure to appear at his evidentiary hearing which was scheduled on that date. *Id.*

On February 19, 2008, petitioner filed an application for writ of habeas corpus pursuant to Mo.Sup.Ct.Rule 91. *See James v. State*, No. 08SF-CC00161 (24th Judicial Circuit, St. Francois County Court). The Court denied petitioner's application for writ of habeas corpus on April 4, 2008. *Id.*

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system in the West Tennessee Detention Facility on May 10, 2018.

**Discussion**

In the present action, petitioner asserts that he has filed the instant habeas action because he is currently a federal detainee and he believes that the United States may "use the charge and case number to career him on his federal indictment."

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler,* 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.

The instant petition has been filed more than nine years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the Respondent's name in this action to the Warden of the West Tennessee Detention Facility, Avril Chapman.

Dated this   26th   day of October, 2018.


                                                  \s\   Jean C. Hamilton
                                                  JEAN C. HAMILTON
                                                  UNITED STATES DISTRICT JUDGE