# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ARTHER JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-812 SPM |
| | ) | |
| ARVIL CHAPMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the record. On October 26, 2018, the Court ordered petitioner to show cause why his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner has failed to respond to the Court's Memorandum and Order. Because the petition is barred by § 2254's one-year limitations period, the Court will dismiss this action pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases.

## Background

On July 18, 2007, petitioner was found guilty by a jury of two counts of distributing/delivering/manufacturing/producing or attempting to or possession with intent to dist/del/man/prod a controlled substance. *See State v. James,* No. 06F2-CR01371-01 (34th Judicial Circuit, Pemiscot County Court). On August 21, 2007, on Count I, petitioner was sentenced to twenty years' imprisonment, and on Count II petitioner was sentenced to ten years' imprisonment, with both terms to be served concurrently.

Petitioner filed a timely appeal, and he was allowed to remain on bond during the pendency of appeal. However, plaintiff absconded during the pendency of his appeal. The mandate was

issued from the Missouri Court of Appeals on January 9, 2009.[1] The trial court noted that petitioner was incarcerated in Mississippi County, Arkansas on January 19, 2010, and the bondsman was ordered discharged from the appeal bond on that date.

Petitioner filed his post-conviction motion to vacate his sentence, pursuant to Mo.Sup.Ct.R.24.035 on November 26, 2007. *See James v. State,* No. 07PE-CV00661 (34th Judicial Circuit, Pemiscot County Court). His appointed attorney filed a motion to "hold his premature filing open pending conclusion of the direct appeal" on December 31, 2007. The motion was granted by the trial court on January 11, 2008. On April 3, 2009, after the direct appeal was decided, appointed counsel filed an amended motion to vacate petitioner's sentence. On August 15, 2009, the Court dismissed petitioner's post-conviction action with prejudice due to movant's failure to appear at his evidentiary hearing which was scheduled on that date. *Id.*

On February 19, 2008, petitioner filed an application for writ of habeas corpus pursuant to Mo.Sup.Ct.Rule 91. *See James v. State*, No. 08SF-CC00161 (24th Judicial Circuit, St. Francois County Court). The Court denied petitioner's application for writ of habeas corpus on April 4, 2008. *Id.*

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system in the West Tennessee Detention Facility on May 10, 2018.

## Discussion

In the present action, petitioner asserts that he has filed the instant habeas action because he is currently a federal detainee and he believes that the United States may "use the charge and case number to career him on his federal indictment."

---

[1] The Court is unsure of the exact date of the Missouri Court of Appeals decision, but it was prior to the Missouri Court of Appeals Mandate.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler,* 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02.

The instant petition has been filed more than nine years after petitioner=s state court judgment of conviction became final. Thus, petitioner's application for writ of habeas corpus to this Court is more than eight years late. As such, petitioner's application for writ of habeas corpus is time-barred and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #6] is **DENIED AS MOOT** as petitioner has already paid the $5 filing fee.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED as TIME-BARRED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

Dated this 30th day of November, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

3